UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Twin River Worldwide Holdings, Inc., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 1:17-cv-008-MSM-PAS |
| ) | |
| National Union Fire Insurance ) | |
| Company of Pittsburg, PA, ) | |
| Defendants. ) | |

ORDER

This case arises from a dispute involving the Plaintiff's, Twin River Worldwide Holdings, Inc. ("Twin River"), stockholders. Following a bankruptcy reorganization for Twin River, certain lien lenders received common stock while others received contingent value rights ("CVRs"). If a "CVR Payment Event" like a merger occurred, then CVR holders would be entitled to a portion of the consideration paid to the stockholders. Following Twin River's post-bankruptcy financial and business successes, CVR values increased and the threshold for a CVR Payment Event decreased. Some stockholders challenged the CVR values and alleged that Twin River had breached its fiduciary duties to stockholders. The stockholders sought to reopen the bankruptcy proceeding and Twin River initiated an adversary proceeding to clarify the bankruptcy court's reorganization plan and to determine the validity of

1

the agreement regarding the CVRs. Eventually the bankruptcy court granted summary judgment for Twin River and the CVR holders, but the stockholders appealed.

Following the appeal, Twin River made a tender offer to purchase the CVRs. At $400 each, the stockholders argued the price was too high and they filed a derivative suit ("Derivative Action") in the Delaware Chancery Court. They again asserted that Twin River had breached its fiduciary duty. Twin River delayed the tender offer and eventually the stockholders offered to settle all the disputes, including the Derivative Action, for $5.6 million. The Delaware Chancery Court approved the settlement and the stockholders dismissed the bankruptcy court appeal. Twin River sought reimbursement through its insurance policy with the Defendant, National Union Fire Insurance Company of Pittsburg, PA ("National Union"). National Union, however, denied coverage and asserted that the $5.6 million payment did not settle a claim covered by the policy.

After National Union denied coverage, Twin River filed suit in this Court alleging breach of contract and bad faith. The parties filed cross motions for summary judgment on the breach of contract claim. This Court granted summary judgment for Twin River, finding that it had made a covered policy claim. The remaining issue to be resolved at trial is whether the $5.6 million settlement amount was reasonable.

The parties have filed six motions in limine that are currently pending before this Court. Twin River has filed one motion (ECF No. 47) and National Union has

filed five motions (ECF No. 51, ECF No. 52, ECF No. 53, ECF No. 54, and ECF No. 55). The Court issues the following orders with respect to each of the motions:

    1. <u>Plaintiff's Motion to Exclude Testimony of Expert Witness Thomas A. Zaccaro (ECF No. 47) to which Defendant Objects (ECF No. 57)</u>

Twin River seeks to exclude expert testimony from National Union's expert witness, Thomas A. Zaccaro. Specifically, Twin River argues that National Union's expert is seeking to offer three opinions that violate requirements for admissibility under Rule 702 of the Federal Rules of Evidence as well as the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).* The proffered expert, Mr. Zaccaro, is an attorney focusing on securities litigation at Paul Hastings LLP. Twin River argues (1) that Mr. Zaccaro's testimony is merely an interpretation and narration of the record and he should not be permitted to testify as to Twin River's motivations in reaching the settlement approved by the Delaware Chancery Court (the "Settlement"), (2) that Mr. Zaccaro's opinion as to the Settlement amount is based on an erroneous conclusion as to the type of settlement that was involved, and (3) that his opinion regarding a potential appeal from the bankruptcy court ruling is based on an incorrect interpretation of the standard of review.

National Union objects and argues that Mr. Zaccaro should be allowed to offer testimony regarding Twin River's contemporaneous statements about what the Settlement was purporting to compensate. National Union further argues that Mr. Zaccaro should be permitted to testify as to the value of the breach of fiduciary duty claim as distinguished from the Derivative Action and that the nature of the Settlement is relevant to the damages inquiry. With respect to the bankruptcy appeal

standard of review, National Union agreed that it would not question Mr. Zaccaro about the issue and so that issue is moot.

Twin River argues that Mr. Zaccaro's proposed testimony will not "help the trier of fact to understand the evidence or to determine a fact in issue" as required by Fed. R. Evid. 702. While Twin River disputes the validity of Mr. Zaccaro's opinions, that alone does not make his testimony inadmissible. "[V]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S.at 595. At trial, Twin River will have the opportunity to cross examine Mr. Zaccaro and to challenge his opinions as well as the methods that he used to arrive at those opinions. Twin River can also object to the "state-of-mind" testimony at trial if National Union has not laid the proper foundation and seeks its admission. The Court will address those issues if and when they are presented at trial. The Plaintiff's Motion (ECF No. 47) is therefore DENIED for the reasons stated above.

    2. <u>Defendant's Motion to Preclude Evidence or Argument Regarding the Delaware Chancery Court's Ruling on the Reasonableness of the Underlying Settlement Agreement (ECF No. 51) to which Plaintiff Objects (ECF No. 59)</u>

National Union seeks to exclude reference at trial to the Delaware Chancery Court's ruling on the reasonableness of the Stipulation and Agreement of Settlement and Release (the "Stipulation") filed in the related action.[1] National Union argues

---

[1] The case before the Delaware Chancery Court was *Apollo Twin River Holdings, L.P. v. George Papanier, et. al.*,No. 11863-VCG.

4

that, at the time it filed the Stipulation, Twin River informed the Chancery Court that the $5.6 million Settlement payment *was not* related to the Derivative Action that the Delaware Chancery Court was assessing. Consequently, National Union asserts, the Delaware Chancery Court did not consider whether the $5.6 million was reasonable with respect to the breach of fiduciary duty claim. National Union argues that, as a result, the Delaware Chancery Court's statement regarding reasonableness is irrelevant to the instant damages issue and any reference would be unfairly prejudicial under Fed. R. Evid. 403. Twin River responds by alleging that the Delaware Chancery Court considered the Settlement "in all respects" and that its reasonableness determination is relevant given the Settlement's global nature.

While evidence must be relevant to be admitted, even relevant evidence may be excluded in circumstances where "its probative value is substantially outweighed by a danger of unfair prejudice." Fed. R. Evid. 403. The parties dispute the context in which reasonableness must be determined in this case. National Union argues the context is limited to the breach of fiduciary duty claim. Twin River, however, suggests a greater context that includes the entire universe of liability that Twin River faced at the time it entered into the $5.6 million Settlement. While that factual issue remains to be determined, the Court finds that a reference to the Delaware Chancery Court's "reasonableness" conclusion could suggest to the jury that reasonableness has already been determined. Twin River has other means by which it may seek to establish reasonableness without referring to that specific part of the

Delaware Chancery Court ruling. The Defendant's Motion (ECF No. 51) is, therefore, GRANTED.

3. <u>Defendant's Motion to Bar Reference to the Defendant as "AIG" during the Trial or in front of the Jury (ECF No. 52) to which Plaintiff Objects (ECF No. 59)</u>

National Union asks this Court to preclude Twin River from referring to National Union as "AIG." National Union asserts that AIG is neither a party to the suit nor a legal entity and any reference to AIG would be unduly prejudicial. National Union further asserts that "AIG" references are both irrelevant under Fed. R. Evid. 401 and unfairly prejudicial under Fed. R. Evid. 403. Twin River, however, argues that excluding "AIG" references would be impractical given that the name is included on letters and documents to be introduced at trial. While the Court will not preclude all reference to AIG at trial, noting that it may be necessary in some circumstances to connect AIG and National Union, the Court will admonish Twin River not to needlessly use "AIG" in place of National Union while before the jury. Twin River should refer to the Defendant as National Union unless necessary. The Defendant's Motion (ECF No. 52) is DENIED as stated above.

4. <u>Defendant's Motion to Bar Reference to the Court's Memorandum and Order on the Parties' Cross Motions for Summary Judgment (ECF No. 53) to which Plaintiff Objects (ECF No. 59)</u>

National Union seeks to exclude references to the Summary Judgment Memorandum and Order issued in this case on August 1, 2018 (ECF No. 38) arguing that any such reference would suggest to the factfinder that Twin River had already won and would thereby unfairly prejudice National Union. In response, Twin River

asserts that the jury must be informed that Twin River is covered under the National Union policy and that the only remaining issue for trial is whether the $5.6 million Settlement was reasonable under the circumstances. Because the Court can sufficiently explain the procedural posture of this case *without* specific reference to the Memorandum and Order, Twin River will be precluded from any reference thereto, but reference to the prior decision may be made by the Court in order to instruct the jury as to the procedural history in the case. The Defendant's Motion (ECF No. 53) is GRANTED as stated above.

5. <u>Defendant's Motion to Preclude Evidence or Argument Regarding the Settlement Value of the Derivative Case (ECF No. 54) to which Plaintiff Objects (ECF No. 59)</u>

National Union seeks to exclude evidence and argument relating to the settlement value of the Derivative Action because, National Union argues, Twin River disclaimed the argument that the $5.6 million included any coverage based on the Derivative Action. Twin River objects, maintaining that they entered a "global settlement" and did not disclaim a connection between the settlement amount paid and the Derivative Action. As mentioned above, the context for the reasonableness determination in this case remains unresolved and will be a factual issue to be litigated at trial. Arguments as to potential liability and the value to the Twin River of the settlement will no doubt be made by both parties. Expert witnesses likely will rely on alternate calculation methods and factors to arrive at an opinion of what is reasonable given all of the factors involved. National Union will have the opportunity at trial to challenge Twin River's arguments. References to the Derivative Action

settlement value will not unfairly prejudice National Union. The Defendant's Motion (ECF No. 54) is DENIED.

6. <u>Defendant's Motion to Preclude the Expert Opinions or Report of Nicholas I. Porritt (ECF No. 55) to which Plaintiff Objects (ECF No. 59)</u>

National Union seeks to exclude the testimony and report of Twin River's expert witness, Nicholas I. Porritt. Mr. Porritt is an attorney and partner at Levi & Korsinsky LLP with a special focus on derivative suits, stockholder class actions, and settlements. National Union's theory of the case centers on the reasonable settlement value of the breach of fiduciary duty claim; for which it is responsible. National Union urges the Court to exclude the testimony and report because Mr. Porritt does not have an opinion as to the breach of fiduciary duty claim's value, therefore they argue his testimony about the Derivative Action would not assist the jury in its reasonableness determination. Twin River objects and reasserts its argument that the $5.6 million Settlement was reasonable given its global nature, which, they assert is what Mr. Porritt's testimony and report describe. National Union will have the opportunity to cross examine Mr. Porritt and to challenge his credibility during trial. The Defendant's Motion (ECF No. 55) is, therefore, DENIED.

For the foregoing reasons, the Court:

1. DENIES Twin River's Motion in Limine to Exclude Testimony of Expert Witness Thomas A. Zaccaro (ECF No. 47);

2. GRANTS National Union's Motion in Limine to Preclude Evidence or Argument Regarding the Delaware Chancery Court's Ruling on the Reasonableness of the Underlying Settlement Agreement (ECF No. 51);

3. DENIES as stated above National Union's Motion in Limine to Bar Reference to the Defendant as "AIG" during the Trial or in front of the Jury (ECF No. 52);

4. DENIES as stated above National Union's Motion in Limine to Bar Reference to the Court's Memorandum and Order on the Parties' Cross Motions for Summary Judgment (ECF No. 53);

5. DENIES National Union's Motion in Limine to Preclude Evidence or Argument Regarding the Settlement Value of the Derivative Case (ECF No. 54); and

6. DENIES National Union's Motion in Limine to Preclude the Expert Opinions or Report of Nicholas I. Porritt (ECF No. 55).

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
4/14//2020